IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:24cr371 |
| | § | |
| MARY BROWN | § | |

**DEFENDANT BROWN'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HER MOTION TO DISMISS COUNTS 1, 9, 17, 20, 24, 27, 29 AND 33 OF THE INDICTMENT FOR FAILURE TO STATE AN OFFENSE**

1. On January 29, 2025, Defendant Brown filed her Motion to Dismiss Counts 1, 9, 17, 20, 24, 27, 29 and 33 of the Indictment for Failure to State an Offense and Memorandum of Law in Support Thereof. DKT.739.

2. The basis of the motion was that the indictment contained no allegations in any of the aforementioned counts that there was a scheme to deprive another of property or money. In support of this motion, Defendant Brown cited *United States v. Guertin*, 67 F.4th 445 (D.C.Cir. 2023), which relied on several landmark U.S. Supreme Court cases that an indictment alleging wire fraud must contain allegations that there was a scheme to deprive one of money or property.

3. The purpose of this supplemental memorandum is to cite a very recent Fifth Circuit case putting the final nail in the government's coffin. See *United States v. Ashley*, 123 F.4th 403 (5th Cir. 2024). The salient facts in *Ashley* as set forth by the Fifth Circuit are that:

> Ashley was ... an insurance agent for Midland National Life Insurance Company. In 2016, he sold Seegan a $2 million life insurance policy, which identified Seegan's wife as the beneficiary. In 2019, Seegan executed a will and named Ashley the executor and trustee of any trust created by the will. Seegan also created a trust and designated Ashley his successor trustee. With Ashley's assistance, Seegan then changed the beneficiary of his life insurance policy from his wife to the trust, and Ashley executed the change with Midland National.
>
> Shortly after executing this beneficiary designation for Seegan's life insurance policy, Ashley allegedly met Seegan at Seegan's home, purportedly to draw blood for medical testing in relation to the policy, but instead sedated Seegan with a drug, shot and killed him, and staged the scene as a suicide. Ashley subsequently called Midland National to

> inform the company of Seegan's death and ask about the necessary paperwork for a life insurance claim.

123 F.4t at 408.

> The indictment charged Ashley with wire fraud and mail fraud as follows:
>
> Counts 9, 10, 11, 12, 13, 15, and 16 charge Ashley with defrauding and attempting to defraud Midland National, the company that issued Seegan's life insurance policy. Counts 9 through 13 are wire fraud charges based on Ashley directing Midland National to change the beneficiary of Seegan's life insurance policy to a trust that was under Ashley's control. Counts 15 and 16 are mail fraud charges based on Ashley obtaining Midland National's confirmation of this change in beneficiary designation by mail and Ashley's later efforts to obtain a copy of Seegan's autopsy report, respectively.

*Id*. at 411.

4.    The Fifth Circuit stated that there was insufficient evidence to support either a wire fraud charge or a mail fraud charge, holding as follows:

> A "scheme to defraud" requires that the "victims were left without money that they otherwise would have possessed." *United States v. Baker*, 923 F.3d 390, 405 (5th Cir. 2019) (quoting *United States v. McMillan*, 600 F.3d 434, 449 (5th Cir. 2010)). That is not the case here. Under Seegan's life insurance policy, Midland National was contractually obligated to pay out Seegan's life insurance benefits upon Seegan's death regardless of who the beneficiary was. That Seegan changed the beneficiary of the policy to his trust (the named beneficiaries of which, in turn, were Seegan's wife and son), rather than his wife personally, did not change Midland National's obligation. *See United States v. Ratcliff*, 488 F.3d 639, 645 (5th Cir. 2007) (holding that there was no scheme to defraud where the payment would have been made "regardless" of the defendant's actions). Ashley's communications with Midland National to implement this change were thus not a predicate for wire or mail fraud.
>
> XXXXX
>
> The government ... presses that Ashley still "stood to gain" from the payout of life insurance proceeds to the trust because, as trustee, Ashley had "broad authority" over the trust. Yet that does not make Midland National the victim, as the government contends. At most, the evidence proffered at trial supported that Ashley intended to defraud Seegan's widow and son, the trust's beneficiaries, from the life insurance benefits paid to the trust. However, the government's theory for these counts was that Midland National was defrauded. Because the change in the beneficiaries of Seegan's trust did not defraud Midland National, the jury lacked sufficient evidence to convict Ashley of Counts 9, 10, 11, 12, 13, 15, and 16.

Id. at 411-12.

5. In this case, the indictment is a mystery as to who was defrauded. Furthermore, there is no allegation anyone was defrauded of money or property.

6. For all of the foregoing reasons, Counts 1, 9, 17, 20, 24, 27, 29 and 33 of the Indictment must be dismissed against Defendant Brown.

                                                          Respectfully submitted,

                                                          /s/ Richard Kuniansky
                                                          RICHARD KUNIANSKY
                                                          Kuniansky & Associates
                                                          State Bar No. 11762840
                                                          440 Louisiana, Suite 1440
                                                          Houston, Texas 770002
                                                          Telephone:   (713) 622-8333
                                                          rkuniansky@gmail.com

                                                          ATTORNEY FOR DEFENDANT
                                                          MARY BROWN

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that service of the foregoing Supplement has this 30th day of January, 2025 been made by electronic means to all counsel of record.

                                                          /s/ Richard Kuniansky
                                                          Richard Kuniansky