# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Cr. No. H-24-371-10 |
| **EUGENE WALKER** | |

## UNOPPOSED MOTION TO REVOKE DETENTION ORDER AND RELEASE MR. WALKER ON BOND

Mr. Walker has been held in custody for this case for nearly a year. He plans to enter a conditional guilty plea, and we expect the Sentencing Guidelines to recommend a low sentence—perhaps not far from time served. For these reasons, Mr. Walker asks the Court to revoke the detention order and release him on appropriate bond conditions pending sentencing. The Government does not oppose this request.[1]

Mr. Walker and 52 other defendants were indicted on July 16, 2024. *See* Indictment, Dkt. 1. Mr. Walker made his initial appearance on July 31, 2024, and he has been detained since that date. *See* Dkts. 381, 450. Pretrial detention is intended to be limited in scope and duration, and if it "become[s] excessively prolonged," it may become "punitive." *See United States v. Salerno*,

---

[1] At the request of the Government, Mr. Walker asks that the Court hold this motion until the date of his rearraignment hearing. The parties ask that both the guilty plea and the bond determination be resolved on the same date.

481 U.S. 739, 747 n.4 (1987) (declining to express a view as to the precise point when detention would become punitive).

This case has now lasted for a year, and Mr. Walker has elected to enter a conditional guilty plea. It appears likely that his Sentencing Guidelines will recommend a low sentence, and he expects to request a time-served sentence at the time of his sentencing hearing.[2] Releasing Mr. Walker on bond now will have two primary benefits. First, it will avoid detaining Mr. Walker longer than necessary. Second, it will allow him to prove his trustworthiness to the Court before the Court is called upon to determine an appropriate sentence—Mr. Walker recognizes that his actions on bond will provide the Court a strong indication of how he will behave after he is sentenced.

Mr. Walker is willing to abide by any conditions the Court views as necessary to reasonably assure his appearance and the safety of the community, including electronic monitoring and home detention.

---

[2] We anticipate that the Government may advocate for a total offense level of 9. The base offense level will be 7; the Government's plea agreement holds Mr. Walker responsible for under $95,000 in "intended loss," which adds 6 levels; and the Government may recommend two 2-level reductions for minor role and acceptance of responsibility. For his part, Mr. Walker anticipates requesting a 4-level reduction for minimal role, rather than a 2-level reduction for minor role.

For these reasons, Mr. Walker asks the Court to revoke his detention order and release him on bond with appropriate conditions pending sentencing.

Respectfully submitted,

s/ Joshua Lake
Joshua Lake
Texas Bar No. 24129249
joshua@joshualakelaw.com
832.356.7353

*Attorney for Eugene Walker*

## CERTIFICATE OF SERVICE

On July 12, 2025, I am filing the foregoing pleading with the Clerk of Court using the CM/ECF system, which will serve a copy on all counsel of record.

*/s/ Joshua Lake*
Joshua Lake