## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**UNITED STATES OF AMERICA** §

v.                                              §            NO. 24-cr-00371-48

**JAMES BATESON, Defendant**   §

### DEFENDANT'S ELECTION TO BE TRIED
### BY THE JUDGE WITHOUT A JURY

TO THE HONORABLE DISTRICT COURT:

COMES NOW defendant James Bateson ("Bateson"), through the undersigned appointed counsel, and respectfully waives his right to trial by jury in this cause. Counsel and Bateson have discussed the choice of trial before the judge without a jury, on the one hand, and trial by jury, on the other hand. Bateson chooses a trial by the judge, without a jury. In support of this choice, Bateson submits the following considerations.

1.  Counsel believes that Bateson is aware of the advantages and the disadvantages of each choice. Bateson is aware that his choice of trial by the judge and trial by a jury does not have any direct effect on punishment. There is no reduction in the offense level of the alleged offense which depends on whether the judge or a jury determines guilt.

2.  The one option which Bateson is ruling out is a plea of guilty,

notwithstanding the choice of some defendants to take the position that they in fact are guilty. Each of them has his or her own facts to consider, and what may be a wise choice for one defendant may not be a wise choice for another.

3.   A plea of guilty in the Southern District of Texas typically requires a waiver of the right to appeal and a waiver of postconviction rights under 28 U.S.C. §2255. Bateson and his counsel believe that is too high a price to pay, considering that the current analytical framework presently is dominated by the recent decision in *Kousisis v. United States*, 605 U.S. __ (2025). A number of important issues are unsettled after *Kousisis*. These include, but are not necessarily limited to, the following:

a) **Does *Kousisis* apply to a case, such as this one, where the alleged fraud does not have an identified impact on interstate commerce?** The indictment purports to be based on 18 U.S.C. §1343, which states in pertinent part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice,

>> shall be fined under this title or imprisoned not more than
>> 20 years, or both.

To constitute this federal crime, the prosecution must be able to prove beyond a reasonable doubt that there is a "scheme or artifice" to obtain money or property by means of false or fraudulent pretenses, and that this scheme is carried out through writings or their modern equivalent, *i.e.* communication over the Internet.

Conspiracy to commit wire fraud simply requires an agreement among multiple people, allegedly including a particular defendant, to carry out such communications with an intent to obtain money or property. *Kousiri*s only eliminated the requirement of proof that a particular defendant intended to cause economic harm to the victimized party.

In *Kousisis*, the regulation of interstate commerce was plainly implicated. In that case, the alleged fraud impacted a state agency, namely the Pennsylvania Department of Transportation, which was paying for repairs to a bridge, described in the opinion merely as the "Girard Point Bridge." Simply looking up Internet posts on the Girard Point Bridge will reveal that this is the bridge which carries Interstate 95 – a highway which runs all the way from Florida to Maine – over the Schuykill River into Philadelphia. Commerce can include the transport of people and undoubtedly includes the transport of freight.

For anyone seeking to travel from Washington, D.C. or Baltimore to

Philadelphia, portions of I-95 resemble a carnival thrill ride. The Girard Point Bridge itself has a rise and a decline like a roller coaster, but fortunately not thrill-ride curves. Many prefer to take Amtrak, the government-supervised rail service. In that event, they would arrive at the 30th Street railroad station, also in Philadelphia. Indisputably, federal regulation of either of those projects affects interstate commerce.

In this cause, the boilerplate language includes an allegation of an effect on interstate commerce, but can the prosecutors prove it in the prosecution of Bateson? The discovery in this cause seems to indicate that the operators of a local bail bond office in Houston, Texas generated bail bond business for that office by generating fake documentation that Bateson (and similarly situated individuals had an income which exceeded their actual income. But discovery has failed to produce proof that Bateson knew that, if he failed to sign, the local office managers would turn to other unqualified people for fabrication of documents. If Bateson had been shown that many other persons were doing than for a fraudulent purpose, he could have turned down the proposal. Where, for example, are records or recordings of Bateson (or any other similarly situated person), showing that he understood that there was a criminal scheme to hurt the underwriting insurance company?

Neither Bateson nor any other defendant is required to plead guilty simply because the Supreme Court, with the 20/20 vision of hindsight, found that there was a crooked scheme in *Kousisis*. It is one thing to hold Kousisis, a professional

construction contractor, to the burden of knowing applicable construction regulations. But Bateson is by no means an expert in bail bonds, insurance, economics (including the subject of "opportunity costs") or any other relevant topic. At the request of a friend, he went into a local bail bond office and followed their advice.

(B)   The facts will show that Bateson did not take any steps indicating a knowing participation in a conspiracy. But this is a criminal case. A defendant has the right to receive discovery, but no obligation to produce it. The burden of proof is on the prosecution.

(C)   **To what extent should retroactive application of *Kousisis* to Bateson be permitted?**  It also should be noted that the settled Supreme Court case law at the time that Bateson never saw the fake W-2 that was prepared for Bateson, the then-existing Supreme Court case law did not square with what was decided in *Kousisis*. The recent decision in *Kousisis* did not address the extent to which it should apply to conduct occurring before *Kousisis* was decided. Since a new theory for culpability was added by *Kousisis*, it is a denial of due process for Bateson to be convicted and punished under that new interpretation of the law.

## **CONCLUSION**

Wherefore defendant James Bateson pleads not guilty and waives jury trial.

>Respectfully submitted,
>
>/s/ Winston E. Cochran, Jr.
>Winston E. Cochran, Jr
>Texas Bar No. 04457300
>P. O. Box 2945
>League City, TX 77574
>Tel. (713) 228-0264
>E-mail: winstoncochran@comcast.net
>
>*Counsel for the Defendant*

## **CERTIFICATE REGARDING CONFERENCE**

Because the choice of whether to be tried by the court and the choice of how to plead are not dependent upon the consent of the prosecution, the undersigned attorney has not conferred with the prosecutor.

/s/ Winston E. Cochran, Jr.

## **CERTIFICATE OF SERVICE**

I certify that on this the 10th day of August, 2025, a copy of this pleading is being electronically served on the AUSA in charge of this cause:

Michael Day
Assistant United States Attorney
Southern District of Texas
1000 Lousiana Street, 23RD Floor
Houston, TX 77002
VIA E-MAIL: michael.day@usdoj.gov

/s/ Winston E. Cochran, Jr.