UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| vs. § | Criminal No. 24-cr-371-S-09 |
| § | |
| JARVIS SHERMAN § | |
| Defendant § | |

## PROFFER

Defendant is pleading guilty because he is in fact guilty of the charges contained in Count 1 of the Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

(a.)   In the Harris County criminal justice system, a defendant who is charged with a crime may be assigned a bail bond amount from a Judge. The defendant may either post this money directly to the court or may pay for the services of a bail bond company. In the case of the bail bond company, the defendant pays the bail bond company a premium, which is generally a percentage of the total bail bond amount set by the Judge of the court. The bail bond company in turn guarantees to the court that the amount set by the Judge will be paid either by the bond company or its insurer if the defendant does not comply with the proceedings and rules of the court during the prosecution of the defendant. An insurer is placed at greater risk if the defendant does not satisfy the bond conditions. Every bondsman, or individual who is the owner of the bail bonds company, is licensed in the State of Texas. Bondsmen can either obtain a license by showing the bail bond board that they have the assets required to guarantee the bail bond amount, or they are agents of an insurance company and are given authority to act on the insurance company's behalf. The process of assessing risk for a bail bond often requires documentation of collateral, generally by documenting financial assets and liquidity, to include

ownership of real estate and yearly income by third parties who agree to enter the contract between the defendant and the bail bonds company as an additional indemnified party, thereby accepting the financial obligations of paying the full bail bond amount set by the Judge in the event of forfeiture. This additional indemnified party is commonly referred to as a "co-signer" and signs a promissory note, which is a financial debt instrument.

(b.)    AABLE Bonds was a bail bonding company in Harris County, Texas, and AABLE Bonds was an agent of Financial Casualty & Surety (FCS), an insurance company involved in the surety bond business, that maintained offices in 33 states, and was therefore engaged in interstate commerce.

(c.)    Co-Defendant Anthony Perkins was charged in Harris County on February 25, 2015 with capital murder and was detained at the Harris County Jail on a $600,000 bond. Perkins conspired with Co-Defendant Mary Brown, an employee at AABLE, the Defendant Jarvis Sherman (a co-signer on Perkins' bond), and others to falsify and/or obtain falsified co-signer reports and check stubs to qualify Perkins, who would not have otherwise qualified for the coverage necessary to meet the terms of his bond, and secure his release from the Harris County Jail. The Defendant knew that he would not qualify to be a co-signer without the falsified check stubs and other falsified financial information. The Defendant also knew that by having co-signers submit falsified information, Co-Defendant Perkins would not have to pay a $600,000 bond up front in cash.

(d.)    More specifically, in a jail call on April 2, 2021, Anthony Perkins and Co-Defendant Kimberly Perkins discussed needing co-signers' combined income to meet a $300,000/year requirement. They further discussed Anthony Perkins buying fake check stubs from Brown. Kimberly Perkins stated that she knew a person who could make check stubs.

(e.) In a jail call on April 5, 2021, Anthony Perkins and the Defendant discussed the Defendant acting as a co-signer. On April 7, 2021, in a three-way call between Anthony Perkins, Kimberly Perkins, and Co-Defendant Magnolia Underwood, the parties discussed co-signer "Jarvis" (the Defendant Jarvis Sherman) and his fake

check stub. On April 9, 2021, Kimberly Perkins told Anthony Perkins that she sent the check stub to the Defendant by phone.

(f.) AABLE surveillance photos show that the Defendant was present at AABLE to sign a co-signer application form that had been falsified. Records obtained by law enforcement show that the Defendant did not work for the company, S&S Transport, that was reflected on his pay stub and in his application.

(g.) The Defendant's falsified co-signer application and check stub were subsequently emailed or submitted via electronic communication on May 14, 2021 to Bond-Pro, Inc, an electronic communications service/remote computing service provider located in Dahlonega, Georgia. It was reasonably foreseeable that the falsified co-signer financial reports for the Defendant and others would be transmitted in interstate commerce through wire communications, via email or text message, as an attempt to show coverage necessary to meet the terms of the bonds. These fraudulent financial reports were relied upon by the Government and/or the insurance agency/agent to enter into the three-party agreement known as a surety bond.

(h.) The amount of the Defendant's falsified check stub represented that he earned $71,656 yearly. The $71,656 amount was the portion of Perkins' bond that the Defendant was responsible for in the conspiracy.