UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CASE NO. 4:24-cr-371-S |
| v. | § | |
| | § | |
| KATHERINE O'BRIEN (52) | § | |

### United States' Notice of Intent to Use Evidence under Rule 404(b) of the Federal Rules of Evidence

Defendant Katherine O'Brien (52) has been indicted on two counts: conspiracy to commit wire fraud (Count 45) and wire fraud (Count 46). The Government hereby gives the Court and the defense advance notice of its intent to introduce certain evidence pursuant to Federal Rule of Evidence 404(b). Where the Government believes such evidence is also admissible as intrinsic evidence, it will note as such below.

### Summary of Evidence to be Introduced

The Government seeks to introduce evidence of Defendant's admissions of making fraudulent paycheck stubs that are not known to be have been used in the conspiracy in this case.

At this time, the Government does not seek to introduce evidence that Defendant committed ATM fraud on April 1, 2021. Should Defendant elect to

testify, the Government will seek permission to cross-examine her regarding such acts and to introduce evidence of such acts in rebuttal.

### Argument & Authorities

Fed. R. Evid. 404(b) provides:

> (1) Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

> (2) This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). "It is unnecessary that the extrinsic evidence fit neatly under one of the exceptions listed in Rule 404(b), as this list is not exhaustive." *United States v. Ebron*, 683 F.3d 105, 131 (5th Cir. 2012). Instead, as the Fifth Circuit has explained, "to avoid the strictures of Rule 404(b), all the government need do is suggest a logical hypothesis of the relevance of the evidence for a purpose other than to demonstrate [her] propensity to act in a particular manner." *United States v. Krout*, 66 F.3d 1420, 1431 (5th Cir. 1995).

The rule has been described liberally, as a rule of inclusion rather than as a rule of exclusion. *See United States v. Shaw*, 701 F.2d 367, 386 (5th Cir. 1983) ("Rule 404 is a rule of inclusion."); *see also United States v. Halper*, 590 F.2d 422, 432 (2d Cir. 1978) (noting that the Second Circuit "adhere[s] to the 'inclusionary'

2

view of the rule regarding other crimes and similar acts evidence"); *United States v. Long,* 574 F.2d 761, 766 (3d Cir. 1978) ("The draftsmen of Rule 404(b) intended it to be construed as one of 'inclusion,' and not 'exclusion.'").

Defendant's jail call admissions to her then-boyfriend, Co-Defendant Roemello Burros (51), of making fake paycheck stubs for third parties[1] are not offered as proof that Defendant acted in accordance with a particular character or trait.  Instead, such evidence is offered because it demonstrates that Defendant had the knowledge, wherewithal, opportunity, and ability to make the fake paycheck stubs that accompanied the bond paperwork at issue in the charged criminal counts. Moreover, the evidence demonstrates Defendant's state of mind, and the absence of mistake or good faith. Rule 404(b) expressly includes these as permissible uses of other acts evidence.

Respectfully Submitted,

NICHOLAS J. GANJEI
United States Attorney
Southern District of Texas

By:    */s/ Stephanie Bauman*
Michael Day
Stephanie Bauman
Assistant United States Attorneys
1000 Louisiana, Suite 2300
Houston, Texas 77002
713-567-9000

---

[1] *E.g.*, Gov. Ex. 85 (Jail Call dated 3-27-21).

3

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been delivered on counsel of record by e-mail.

*/s/ Stephanie Bauman*
Stephanie Bauman
Assistant United States Attorney