UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 24-cr-371-20 |
| | § | |
| JAVEON FIELDS | § | |

## PLEA AGREEMENT

The United States of America, by and through Nicholas J. Ganjei, United States Attorney for the Southern District of Texas, and Michael Day and Anthony Franklyn, Assistant United States Attorneys, and the defendant, Javeon Fields ("Defendant"), and Defendant's counsel, Mervyn Mosbacker, pursuant to Rule 11(a)(2) and Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1.    Defendant agrees to plead guilty to Count 9 of the Superseding Indictment. Count 9 charges Defendant with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1349 and 1343. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the superseding indictment/information, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2.    The **statutory** maximum penalty for each violation of Title 18, United States Code, Sections 1349 and 1343, is a term of incarceration of up to 20 years imprisonment, a fine of up to $250,000, and a term of supervised release after imprisonment of up to three years. *See* Title 18, United States Code, Section 1343. Defendant acknowledges and understands that if he should

violate the conditions of any period of supervised release which may be imposed as part of his/her sentence, then Defendant may be imprisoned for not more than two years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, Sections 3559(a)(2) and 3583(e)(3). Defendant understands that the sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3.      Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

### Immigration Consequences

4.      Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status. Defendant understands that if he/she is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he/she is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea

of guilty, and Defendant affirms that he/she wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

### Waiver of Appeal, Collateral Review, and Statute of Limitations

5.      Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255, and Defendant does not waive his/her right to contest on direct appeal the district court's order denying Defendant's motion to dismiss (Docket No. 1104). In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his/her conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6.      Defendant also agrees that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the

3

commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

7.      In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his/her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8.      Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

9.      The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count 9 of the Superseding Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the Superseding Indictment at the time of sentencing. The defendant agrees that with respect to any and all dismissed charges he/she is not a 'prevailing party within the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov.

4

26, 1997), and will not file any claim under that law;

(b) If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently;

(c)   The United States recommends that the Defendant receive a two-level downward adjustment for being a minor participant in the instant offense;

(d)   The United States will not oppose a sentence at the low end of the guideline range.

### Agreement Binding - Southern District of Texas Only

10.    The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the superseding indictment/information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

11.    The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a)    to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)    to set forth or dispute sentencing factors or facts material to sentencing;

(c)      to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)      to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e)      to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

12.      Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

13.      Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement.  Defendant understands that the rights of a defendant include the following:

(a)     If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court; and

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he/she could testify on his/her own behalf.

### Factual Basis for Guilty Plea

14.     Defendant is pleading guilty because he is in fact guilty of the charges contained in Count 9 of the Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

(a.)     In the Harris County criminal justice system, a defendant who is charged with a crime may be assigned a bail bond amount from a Judge. The defendant may either post this money directly to the court or may pay for the services of a bail bond company. In the case of the bail bond company, the defendant pays the bail bond company a premium, which is generally a percentage of the total bail bond amount set by the Judge of the court. The bail bond company in turn guarantees to the court that the amount set by the Judge will be paid either by the bond company or its insurer if the defendant does not comply with the proceedings and rules of the court during the prosecution of the defendant. An insurer is placed at greater risk if the defendant does not satisfy the bond conditions. Every bondsman, or individual who is the owner of the bail bonds company, is licensed in the State of Texas.

Bondsmen can either obtain a license by showing the bail bond board that they have the assets required to guarantee the bail bond amount, or they are agents of an insurance company and are given authority to act on the insurance company's behalf. The process of assessing risk for a bail bond often requires documentation of collateral, generally by documenting financial assets and liquidity, to include ownership of real estate and yearly income by third parties who agree to enter the contract between the defendant and the bail bonds company as an additional indemnified party, thereby accepting the financial obligations of paying the full bail bond amount set by the Judge in the event of forfeiture. This additional indemnified party is commonly referred to as a "co-signer" and signs a promissory note, which is a financial debt instrument.

(b.)    AABLE Bonds was a bail bonding company in Harris County, Texas, and AABLE Bonds was an agent of Financial Casualty & Surety (FCS), an insurance company involved in the surety bond business, that maintained offices in 33 states, and was therefore engaged in interstate commerce.

(c.)    From September 2021 to January 2022, Co-Defendant Nicholas Yoder was charged in Harris County in a total of 9 cases, including aggravated assault (family), four cases with charges of evading arrest, and four cases with charges of felon in possession of a firearm, and was detained at the Harris County Jail on total of $335,000 in bonds.  Yoder conspired with Co-Defendant Mary Brown, an employee at AABLE, the Defendant, and others to falsify and/or obtain falsified co-signer reports and check stubs to qualify Yoder, who would not have otherwise qualified for the coverage necessary to meet the terms of his bond, and secure his release from the Harris County Jail. The Defendant knew that the co-signers would not qualify to be co-signers without the falsified check stubs and other falsified financial information. The Defendant also knew that by having co-signers submit falsified information, Yoder would not have to pay $335,000 in bonds up front in cash.

(d.)    More specifically, in jail calls between Yoder, Co-Defendant Kamaiga Gholar, and the Defendant on October 8, 2021, November 9, 2021, December 10,

2021, the group discussed that the Defendant's brother, Co-Defendant Deleon Borders, would be a co-signer on Yoder's bond and that fake check stubs would be created for Borders in order for Yoder to bond out of jail.   The Defendant provided Borders' information to Gholar so that she could fill out Borders' co-signer application and so that fake check stubs could be created for Borders.

(e.)    On December 1, 2021, Co-Defendant Jeanine Victor emailed Borders' fraudulent check stubs to Gholar.   The investigation revealed that Borders never worked for Turner Construction, which was indicated on Borders' check stub.

(f.)    The falsified co-signer applications and check stubs were subsequently emailed or submitted via electronic communication on January 18, 2022 to Bond-Pro, Inc, an electronic communications service/remote computing service provider located in Dahlonega, Georgia.   It was reasonably foreseeable that the falsified co-signer financial reports would be transmitted in interstate commerce through wire communications, via email or text message, as an attempt to show coverage necessary to meet the terms of the bonds.   These fraudulent financial reports were relied upon by the Government and/or the insurance agency/agent to enter into the three-party agreement known as a surety bond.

(g.) The amount of the falsified check stubs and/or applications represented that Borders earned $74,880 yearly.   The $74,880 amount was the portion of Yoder's bonds that the Defendant was responsible for in the conspiracy.

**Breach of Plea Agreement**

15.    If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and

reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Monetary Penalties, Assets and Financial Disclosures

16.     Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

17.     Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

### Restitution

18.     Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant agrees to pay full restitution as determined by the Court, regardless of the resulting loss amount, to all victims harmed by Defendant's "relevant conduct," as defined by U.S.S.G. §1B1.3, including conduct pertaining to any dismissed counts or uncharged conduct, and regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant agrees that restitution imposed by the Court will be due and payable

10

immediately and that should the Court impose a payment schedule, the payment schedule sets forth

minimum payments and does not foreclose additional collection of restitution.

### Forfeiture

19.    As part of this plea agreement, Defendant agrees to the following:

(a) to forfeit, via either an administrative or judicial proceeding, all assets listed in the charging document (including any Supplemental Notice of Forfeiture), and to forfeit or abandon any assets seized during this investigation or a related investigation;

(b) to withdraw any claims and petitions for such listed or seized assets, whether in this proceeding or another proceeding, and to waive notice of administrative proceedings (including forfeiture, destruction, and abandonment for seized property);

(c) that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, so that the forfeiture money judgment may be immediately satisfied via forfeiture of substitute property; and

(d) to the order of forfeiture becoming final as to Defendant immediately following this guilty plea or immediately following entry of the forfeiture order, whichever applies.

### Financial Statement

20.    Defendant agrees to truthfully complete under penalty of perjury, within thirty days

of the execution of this Plea Agreement, a financial statement on a form provided by the United

States Attorney's Office and to update the statement within seven days of any material change.

Defendant also agrees to make full disclosure to the United States Probation Office of all current

and anticipated assets in which Defendant has an interest both before sentencing and again before

termination of supervised release or probation, with such disclosures to be shared with the United

States Attorney's Office.

21.    Defendant further agrees not to dispose or transfer any assets without the prior

written permission of the United States and to authorize the release of all financial information

11

requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

### Complete Agreement

22.    This written plea agreement, consisting of 15 pages, including the attached addendum of Defendant and his/her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties. Defendant acknowledges that no threats have been made against him and that he/she is pleading guilty freely and voluntarily because he/she is guilty.

23.    Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _HOUSTON_____, Texas, on _SEPTEMBER 26_ , 2025.

_____
Javeon Fields
Defendant

Subscribed and sworn to before me on _SEPTEMBER 26_ , 2025.

NATHAN KYLE OCHSNER
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Nicholas J. Ganjei
United States Attorney

By: _____         _____
Michael Day                              Mervyn Mosbacker
Anthony Franklyn                         Attorney for Defendant
Assistant United States Attorneys
Southern District of Texas

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 24-cr-371-20 |
| | § | |
| JAVEON FIELDS | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending superseding indictment/information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. I have also explained to Defendant that sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.


Mervyn Mosbacker
Attorney for Defendant

Sept. 26, 2025
Date


I have consulted with my attorney and fully understand all my rights with respect to the superseding indictment/information pending against me. My attorney has fully explained, and I

14

understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_____          Sept 26, 2025
Javeon Fields                                           Date
Defendant