IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § | 4:24-CR-0371 – (34)-S |
| PATRICK BROWN | § § | |

## SECOND SUPPLEMENTAL MOTION TO DISMISS COUNT 29

TO THE HONORABLE LEE H. ROSENTHAL, U.S. DISTRICT JUDGE:

COMES NOW, Patrick Brown, by and through his attorney of record, Gus A. Saper, and files this Supplemental Motion to Dismiss Count 29:

### COUNT 29 FAILS TO ALLEGE THE CRIME OF WIRE FRAUD

1. The defendant is charged in Count 29 of a 48-count indictment. It is alleged that he conspired with six others to commit the offense of wire fraud in violation of 18 USCA §1349 & §1343. Count 29 alleges that the conspiracy existed on or about between August 2021 and January 2022. The indictment also alleges that the defendant was "…detained at the Harris County jail" during the conspiracy.

2. On November 20, 2024, defendant number ten (10), Eugene Walker, through his attorney, Joshua Lake, filed his Motion to Dismiss Counts 1 and 6. Count 1 alleges a conspiracy violating 18 USCA §1349 & §1343.

[1]

Count 29 is similar to Count 1 in that it suffers the same defects described in defendant Eugene Walker's motion to dismiss.

3. Mr. Walker's counsel has since filed three responses to the government's response to Walker's Motion to Dismiss (Docket #736, #1061, and #1090). Counsel for Patrick Brown wishes to adopt those three responses in addition to the original Motion to Dismiss. The court has previously entered an order allowing each defendant to adopt motions of other defendants unless they notify the court that they opt out of that order. (See docket entry #1089)

4. The government filed a superseding indictment on May 8, 2025 (Docket #890). The new indictment included three new paragraphs. Those paragraphs stated as follows:

"12. These fraudulent financial reports were relied upon by the government and/or the insurance agency/agent to enter into a three-party agreement known as a surety bond.

13. By entering into the surety bond rather than having to pay the full amount of the bond to the Court, the defendants incurred a financial gain.

14. Through their fraudulent representations, the defendants intended to deprive victims, such as the Government and insurance companies, such as Financial Casualty & Surety, of money and property. The fraudulent representations made by the defendants caused a risk of harm to the insurance companies, through a greater risk that the defendants would default on their surety bonds."

5. These paragraphs were added in response to Defendants' Motions to Dismiss the original indictment. The original indictment incorporated the first eleven introductory paragraphs of the indictment into counts 2-8, 10-16, 18-20, 22-23, 25-26, 28, 30-32, 34-35, 37-38, 40-44, and 46. The original indictment did not incorporate the first eleven paragraphs into counts 1, 9, 17, 21, 24, 27, 29, 33, 36, 39, and 45.

6. The superseding indictment fails to incorporate any of the first fourteen paragraphs into any of the conspiracy counts and only incorporates the first eleven paragraphs into the substantive counts.

7. The failure to incorporate paragraphs 12-14 into any of the remaining counts (Paragraphs 1-46) renders the superseding indictment fatally defective, depriving the court of jurisdiction for failing to state a cause of action. Although Counts 1, 9, 17, 21, 24, 27, 29, 33, 36, 39, and 45 allege the purpose of the scheme was to obtain a bail bond, the superseding indictment fails to state, in accordance with Title 18 USCA § 1343, that the purpose of the scheme was to "obtain money or property." Nor does the superseding indictment allege that a bail bond is either "money" or "property."

8. Although the government has stated that the failure to incorporate paragraphs 12, 13, and 14 was a mere typographical or clerical error, the omission is still a fatal flaw.

9. This Court's prior opinion relies on the facts alleged in the newly added and unincorporated paragraphs twelve through fourteen to deny the motion to dismiss.

10. The law is clear that language can be incorporated by reference, but it must be "expressly done." See *United States v. Knowles*, 29 F.3d 947,952 (5th Cir.1994):

> "While it is true that an allegation made in one count of an indictment may be incorporated by reference in another count of the indictment, *see* Fed.R.Crim.P. 7(c)(1), we have held that any such incorporation must be expressly done. *United States v. Hajecate*, 683 F.2d 894, 901 (5th Cir.1982), *cert. denied*, 461 U.S. 927, 103 S.Ct. 2086, 77 L.Ed.2d 298 (1983); *Davis v. United States*, 357 F.2d 438 (5th Cir.), *cert. denied*, 385 U.S.927, 87 S.Ct. 284, 17 L.Ed.2d 210 (1966); *see also* 1 Charles A. Wright, Federal Practice and Procedure: Criminal § 123 at 349 (1982) ("[E]ach count is considered as if it were a separate indictment and must be sufficient without reference to other counts unless they are expressly incorporated by reference.") (footnotes omitted)"

11. Count 29, as presently and previously pled, fails to allege a vital element of a wire fraud scheme, that is, that the purpose of the scheme was to obtain money or property. The original indictment and the superseding indictment allege that the purpose of the scheme was to get a bail bond for the defendant, Patrick Brown. A bail bond is only a

promise by a defendant to show up for court when directed to show up by the court. A bail bond is not defined as money or property.

12. Financial Casualty & Surety is a company that is regulated by the State of Texas, and to the extent that they issue a surety bond by and through a state-licensed bail bonding company, the State of Texas Insurance Code and Occupations Code governs them. The Texas Secretary of State has stated that: "The *Texas Administrative Code* (TAC) is a compilation of all state agency rules in Texas. There are 17 titles in the TAC. Each title represents a subject category, and related agencies are assigned to the appropriate title."

13. Title 28 of the Administrative Code applies to the business of insurance and the rules and regulations governing insurance companies, including Financial Casualty & Surety. 28 TAC § 252.101 (See Exhibit 1) is the definition section of the Texas Administrative Code and governs insurance companies licensed to do business in Texas. The section lists thirteen terms and their definitions. The eleventh term listed is "property."

14. There are sixteen sub-listings under number eleven defining what is considered property, and none of those sub-listings include surety bonds. Surety bonds are not considered property under the insurance code. A bail bond is a type of surety bond; it has its own definition under 28 TAC §

[5]

252.101. By exclusion from the definition of property in the Texas Administrative Code, a bail bond does not represent property that was the objective of the scheme as alleged in either the original or superseding indictment.

15. The Texas Occupations Code has its own enforcement provisions. Tex. Occ.Code Ann. § 1704.306 (Vernon 2025)(See Exhibit 1) creates an offense of falsifying a record to be maintained under Tex. Occ. Code Ann. § 1704.100 et.sec. Notably, that offense is only a class B misdemeanor, and carries a penalty of not more than six months in jail and up to a $2000.00 fine. The State of Texas and/or Harris County were and are perfectly capable of policing the state and county bail bond businesses without the intervention of the federal government.

16. There is no need for the federal government to try to expand or enlarge the scope of the wire fraud statute by alleging that a scheme involving the procurement of bail bonds was wire fraud. In addition to Tex. Occ. Code Ann. § 1704.306 (Vernon 2025), other state statutes could be utilized to address the alleged harm the federal government now seeks to punish. (See Tex. Penal Code § 32.43 and § 71.02)

Wherefore, premises considered, the defendant, Patrick Brown, prays that he be allowed to continue to adopt the legal reasoning in defendant Walker's motions

[6]

and responses, insofar as they apply to his case, and that the Court further consider the arguments and authorities in this, his Second Supplemental Motion to Dismiss, and that the court enter an order dismissing Count 29.

Respectfully submitted,

/S/ Gus A. Saper
Gus A. Saper
Mallett & Saper L.L.P.
5300 Memorial Dr. Suite 750
Houston, Texas 77007
Tel: (713) 236-1900
State Bar No. 17646500
Federal ID Number: 3455
gsaper@mgscounsel.com
Attorney for PATRICK BROWN

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of October 2025, I electronically filed the preceding Motion with the Clerk of the Court using the CM/ECF system and it will serve the motion on all parties.

/S/ Gus A. Saper
Gus A. Saper