**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | Criminal No.   4:24-cr-371-02 |
| § | |
| OSCAR WATTELL § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION FOR SEVERANCE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through Nicholas J. Ganjei, United States Attorney in and for the Southern District of Texas, and Michael Day and Stephanie Bauman, Assistant United States Attorneys, and files this response to defendant's motion for severance.

### I. Facts

As stated in the Superseding Indictment, filed on May 8, 2025:

1.   In the Harris County criminal justice system, a defendant who is charged with a crime may be assigned a bail bond amount from a Judge. The defendant may either post this money directly to the court or may pay for the services of a bail bond company. In the case of the bail bond company, the defendant pays the bail bond company a premium, which is generally a percentage of the total bail bond amount set by the Judge of the court. The bail bond company in turn guarantees to the court that the amount set by the Judge will be paid if the defendant does not comply with the proceedings and rules of the court during the prosecution of the defendant.

2.   Every bondsman, or individual who is the owner of the bail bonds company, is licensed in the State of Texas. Bondsmen can either obtain a license by showing the bail bond

board that they have the assets required to guarantee the bail bond amount, or they are agents of an insurance company and are given authority to act on the insurance company's behalf.

3. The process of assessing risk for a bail bond often requires documentation of collateral, generally by documenting financial assets and liquidity, to include ownership of real estate and yearly income by third parties who agree to enter the contract between the defendant and the bail bonds company as an additional indemnified party, thereby accepting the financial obligations of paying the full bail bond amount set by the Judge in the event of forfeiture. This additional indemnified party is commonly referred to as a "co-signer" and signs a promissory note, which is a financial debt instrument.

4. When a third party co-signer enters into the contract between the defendant and bail bonds company, a defendant is subsequently able to put down less money, a percentage of the total bail bond amount set by the Judge of the court, rather than the full amount of the bond.

5. AABLE Bonds is a bail bonding company in Harris County, Texas, and the CEO of AABLE Bonds is SHEBA MUHARIB (53).

6. MUHARIB (53) is an agent of Financial Casualty & Surety (FCS). Financial Casualty & Surety maintains offices in 33 states and is engaged in interstate commerce.

7. Any review process or underwriting conducted by Financial Casualty & Surety would require the electronic transfer of documents obtained by AABLE Bail Bonds or its representatives. Documents related to each surety bond, which are a matter of court record, would also be submitted to the Government via electronic communication.

8. MARY BROWN (1), OSCAR WATTELL (2), and others operated as employees of AABLE Bail Bonds.

9. BROWN (1) and WATTELL (2) conspired with others to falsify and obtain falsified co-signer financial reports to qualify individuals, charged with criminal offenses, who would not otherwise qualify for the coverage necessary to meet the terms of their bond.

10. BROWN (1) and WATTELL (2) conspired with others to recruit straw co-signers who represented they worked at companies or earned incomes in the falsified co-signer financial reports when in fact they did not work at the companies or earn the represented incomes. It was reasonably foreseeable that the falsified co-signer financial reports would be transmitted in interstate commerce wire communications as an attempt to show coverage necessary to meet the terms of the bonds.

11. The falsified co-signer financial reports were subsequently emailed or submitted via electronic communication, including but not limited to Bond-Pro, Inc, an electronic communications service/remote computing service provider located in Dahlonega, Georgia.

12. These fraudulent financial reports were relied upon by the Government and/or the insurance agency/agent to enter into a three-party agreement known as a surety bond.

13. By entering into the surety bond rather than having to pay the full amount of the bond to the Court, the defendants incurred a financial gain.

14. Through their fraudulent representations, the defendants intended to deprive victims, such as the Government and insurance companies, such as Financial Casualty & Surety, of money and property. The fraudulent representations made by the defendants caused a risk of harm to the insurance companies, through a greater risk that the defendants would default on their surety bonds.

II.

## II. Defendant's Motion

The Defendant Oscar Wattell filed a motion for severance on October 8, 2025. The Defendant is charged in Counts 17, 21, 29, and 36 with conspiracy to commit wire fraud and in Count 48 with crimes by or affecting persons engaged in the business of insurance. The Defendant argues that the joinder is prejudicial and would deprive the Defendant of the due process of a fair trial. The United States does not oppose a severance with regard to Count 48 but is opposed to the severance of Counts 17, 21, 29, and 36 for the reasons stated below.

## III. Government's Response

A. The Government's Joinder of Offenses in the Defendant's Indictment is Proper

Under the Federal Rules of Criminal Procedure Section 8(a), the indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged-whether felonies or misdemeanors or both- are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Joinder of charges is the rule rather than the exception. *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir.1995). The courts broadly construe Rule 8 in favor of the initial joinder. *United States v. Fortenberry*, 914 F.2d 671, 675 (5th Cir. 1990). Further, the Fifth Circuit has also recognized that the transaction requirement in Rule 8 is flexible, holding that such a transaction may involve a number of occurrences "depending not so much upon the immediateness of their connection as upon their logical relationship." *Id*. (quoting *United States v. Park*, 531 F. 2d 754, 761 (5th Cir. 1976).

In this case, the Defendant was charged with four counts of conspiracy to commit wire fraud in connection to four bail bonds, each of which involved the bail bond company AABLE

Bail Bonds and the underwriting insurance company FCS. Each conspiracy charge involves similar schemes to defraud, as described above. The offenses are contextually intertwined in such a way that it would not make sense to a jury if the cases were to be severed. Cases cannot be tried in a vacuum and that is exactly what the Defendant would have the prosecution do here. Additionally, each conspiracy charge would involve the same or similar witnesses, including witnesses from AABLE Bail Bonds, Financial Casualty & Surety, the Harris County Jail, Bond-Pro, etc. It simply is not judicially efficient for witnesses to provide same or similar testimony over the course of four separate trials.

Under Federal Rules of Criminal Procedure Section 8(a) charging the defendant with these different offenses in a single indictment is proper since these offenses are based on the same or similar acts or transactions. Further, *Bullock* has held that joinder of offenses should be the rule rather than the exception. 71 F.3d 171, 174 (5th Cir.1995). Because joinder is proper under the Federal Rules of Criminal Procedure Section 8(a), the Court must look to whether or not the defendant would be prejudiced by such joinder.

    B. <u>The Government's Joinder of Offenses in the Defendant's Indictment is Not Prejudicial</u>

Under the Federal Rules of Criminal Procedure Section 14(a), if the joinder of the offenses in an indictment appears to prejudice a defendant or the government, the court may order separate trials of counts. Severance under Rule 14 is a matter within the discretion of the trial court. *United States v. Park*, 531 F.2d 754, 761(5th Cir. 1976). The burden is upon the defendant to show clear prejudice. *United States v. Welch*, 656 F.2d 1039, 1053 (5th Cir. 1981). A district court should hold separate trials only if it appears that the defendant will be prejudiced by the joinder of offenses. *United States v. Bieganowski*, 313 F.3d 264, 287 (5th Cir. 2002). "To

5

demonstrate reversible error, even where initial joinder was improper, a defendant must show clear, specific and compelling prejudice that resulted in an unfair trial." *United States v. Simmons*, 374 F.3d 313, 317 (5th Cir. 2004).

In this case, the defendant is claiming that he will be prejudiced by the joinder of the offenses. In *United States v. Forrest*, one of the arguments that the defendant made to demonstrate that he was prejudiced by the court not severing his offenses was that the trial of two different crimes at the same time would be prejudicial because the jury might regard one as corroborative of the other. 623 F.2d 1107, 1115 (5th Cir.1980). However, the Court found that the possibility of this kind of prejudice exists whenever a defendant is charged with more than one count in an indictment and it was not a sufficient reason to order a new trial. *Id*. Any possible prejudice can be cured by proper jury instructions given by the district court. *United States v. Bullock*, 71 F.3d 171, 175 (5th Cir.1995). In *United States v. Butler*, the district court instructed the jury as follows:

> A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty as to one of the crimes charged should not control your verdict as to any other crime.

429 F.3d 140, 148 (5th Cir. 2005). A jury instruction such as this one would protect against any possible prejudice.

Additionally, a bench trial, involving Co-Defendants Kamaiga Gholar, James Bateson, and Katherine O'Brien, was held on September 29 through October 6, 2025. In that trial, the United States did not belabor or spend an inordinate amount of time focusing on the specific charges that the inmate co-defendants were facing at the time they were detained at the Harris County Jail. Furthermore, there are steps that the parties and the Court can take to address any concerns about

the inmates' underlying charges, short of the extraordinary and inefficient remedy of severance. These steps include avoiding the facts of the underlying cases, limiting instructions such as the one referenced above, focusing on the dollar value of the bonds, etc.  Finally, the Defendant's motion to sever is premature.  Depending upon how many defendants remain in the case at the time of trial, it may be necessary to divide the case into trial groups.  It is simply premature at this time to do so as plea negotiations are active and a second superseding indictment is imminent.

Because the defendant has not shown that he would be prejudiced by the proper joinder of the types of offenses charged in the indictment, the defendant's motion for severance should be denied.

IV.

WHEREFORE, PREMISES CONSIDERED, the Government requests that the Court deny the Defendant's motion for severance with regard to Counts 17, 21, 29, and 36.

Respectfully submitted,

Nicholas J. Ganjei
United States Attorney

*s/ Michael E. Day*
Michael Day
Assistant United States Attorney
713-567-9378

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of November, 2025, I electronically filed this document with the Clerk of Court using CM/ECF, and notice was sent via e-mail to counsel for the defendant.

                                          *s/ Michael E. Day*
                                          Michael Day
                                          Assistant United States Attorney