UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | Criminal No. 24-cr-371-S-49 |
| CALVIN SKRIVANEK<br>Defendant | § § § | |

## SENTENCE DATA SHEET

**DEFENDANT:** Calvin Skrivanek

**CRIMINAL NO:** 24-cr-371-S-49

**DEFENDANT'S IMMIGRATION STATUS:** USC

**GUILTY PLEA:** Count 39 of the Superseding Indictment
Count 39: Conspiracy to Commit Wire Fraud

**SUBSTANCE OF PLEA AGMT:**

(a) If Defendant pleads guilty to Count 39 of the Superseding Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the Superseding Indictment at the time of sentencing. The defendant agrees that with respect to any and all dismissed charges he is not a 'prevailing party within the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law;

(b) If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently;

(c) The United States recommends that the Defendant receive a two-level downward adjustment for being a minor participant in the instant offense and in return the Defendant also agrees not to request more than a two-level downward adjustment for being a minor participant;

(d) The United States will not oppose a sentence at the low end of the guideline range.

Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255, and Defendant does not waive her right to contest on direct appeal the district court's order denying Defendant's motion to dismiss (Docket No. 1104).

### COUNT 39

**ELEMENTS:**  Conspiracy to Commit Wire Fraud Title 18, United States, Code, Sections 1349 and 1343

*First*: That two or more persons made an agreement to commit wire fraud;

*Second*: That the defendant knew the unlawful purpose of the agreement; and

*Third*: That the defendant joined in the agreement with the intent to further the unlawful purpose.

**PENALTY:**  Imprisonment not to exceed 20 years; and/or fine not to exceed $250,000.00

**ALT. FINE BASED ON GAIN OR LOSS 18 U.S.C. 3571(d):**  Not applicable.

**SENTENCING GUIDELINES:**  Advisory

**SUPERVISED RELEASE:**  Not to exceed three years. (18 U.S.C. § 3583).

**SPECIAL ASSMT:**  $100 per count of conviction

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | Criminal No. 24-cr-371-S-49 |
| CALVIN SKRIVANEK<br>Defendant | § § § | |

## PROFFER

Defendant is pleading guilty because he is in fact guilty of the charges contained in Count 39 of the Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

(a.) In the Harris County criminal justice system, a defendant who is charged with a crime may be assigned a bail bond amount from a Judge. The defendant may either post this money directly to the court or may pay for the services of a bail bond company. In the case of the bail bond company, the defendant pays the bail bond company a premium, which is generally a percentage of the total bail bond amount set by the Judge of the court. The bail bond company in turn guarantees to the court that the amount set by the Judge will be paid either by the bond company or its insurer if the defendant does not comply with the proceedings and rules of the court during the prosecution of the defendant. An insurer is placed at greater risk if the defendant does not satisfy the bond conditions. Every bondsman, or individual who is the owner of the bail bonds company, is licensed in the State of Texas. Bondsmen can either obtain a license by showing the bail bond board that they have the assets required to guarantee the bail bond amount, or they are agents of an insurance company and are given authority to act on the insurance company's behalf. The process of assessing risk for a bail bond often requires documentation of collateral, generally by documenting financial assets and liquidity, to include

ownership of real estate and yearly income by third parties who agree to enter the contract between the defendant and the bail bonds company as an additional indemnified party, thereby accepting the financial obligations of paying the full bail bond amount set by the Judge in the event of forfeiture. This additional indemnified party is commonly referred to as a "co-signer" and signs a promissory note, which is a financial debt instrument.

(b.) AABLE Bonds was a bail bonding company in Harris County, Texas, and AABLE Bonds was an agent of Financial Casualty & Surety (FCS), an insurance company involved in the surety bond business, that maintained offices in 33 states, and was therefore engaged in interstate commerce.

(c.) In April of 2021, Co-Defendant James Palladina was charged in Harris County in six cases, including four with charges of possession with intent to deliver a controlled substance and two with charges of felon in possession of a weapon, and was detained at the Harris County Jail on a total of $520,000 in bail bonds. Palladina conspired with Co-Defendant Amir Khan, the Defendant Calvin Skrivanek (a co-signer on Palladina's bond), and others to falsify and/or obtain falsified co-signer reports and check stubs to qualify Palladina, who would not have otherwise qualified for the coverage necessary to meet the terms of his bonds, and secure his release from the Harris County Jail. The Defendant knew that he would not qualify to be a co-signer without the falsified check stubs and other falsified financial information. The Defendant also knew that by having co-signers submit falsified information, Co-Defendant Palladina would not have to pay $520,000 in bonds up front in cash.

(d.) More specifically, in jail calls between Palladina and Khan on April 12, 2021, there is a discussion of the fake check stubs that would be used to support the bond where Palladina directed Khan to make fake stubs and to recruit co-signers. In a jail call between Palladina and Khan on April 13, 2021, Khahn discussed making stubs for the co-signers and discussed the threshold income amount they needed to meet. Khan stated he would not co-sign because he was on parole.

(e.) In a jail call between Palladina and Khan on April 25, 2021, Palladina told Khan to entice co-signers with $100 payments. In a jail call between Palladina and

Khan on May 6, 2021, Khahn discussed making a pay stub for the Defendant Calvin Skivanek and needing to show more income.

(f.) The Defendant appeared in person at the AABLE Bail Bonds office on May 5, 2021 and filled out his co-signer application. The Defendant's picture was taken at the office and was in the picture with his bond application. The handwriting on the application is consistent throughout, and the information provided on the application belonged to the Defendant (e.g. Social Security Number and Texas Driver's License number). The Defendant identified his employer as KRH in the application, and a check stub for KRH was attached to the application. The agents' research of open sources and the State of Texas business filings failed to identify any company named KRH located at the employer address. A work history search did not reflect any wage earnings for the Defendant from KRH. The phone number listed for the employer, 346-229-9944, was captured in Harris County jail calls as belonging to Heather Kirby. In a jail call, Palladina and Kirby discussed the need to produce fraudulent check stubs.

(g.) The Defendant's falsified co-signer application and check stub were subsequently emailed or submitted via electronic communication on June 22, 2021 to Bond-Pro, Inc, an electronic communications service/remote computing service provider located in Dahlonega, Georgia. It was reasonably foreseeable that the falsified co-signer financial reports for the Defendant and others would be transmitted in interstate commerce through wire communications, via email or text message, as an attempt to show coverage necessary to meet the terms of the bonds. These fraudulent financial reports were relied upon by the Government and/or the insurance agency/agent to enter into the three-party agreement known as a surety bond.

(i.) The amount of the Defendant's falsified check stub represented that he earned $48,000 yearly. The $48,000 amount was the portion of Palladina's bond that the Defendant was responsible for in the conspiracy.