THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL NO. 4:24-cr-371-53 |
| VS. | § | |
| | § | |
| SHEBA MUHARIB | § | |

**DEFENDANT'S MOTION TO SEVER - IMPROPER AND PREJUDICIAL JOINDER**

TO THE HONORABLE LEE H. ROSENTHAL:

The defendant, Sheba Muharib, by and through the undersigned counsel, moves this Court for an order severing Defendant's trial from that of the co-defendants and would show the Court as follows:

## I. INTRODUCTION

The second superseding indictment improperly joins multiple factually distinct offenses and/or defendants involving separate conduct, different time frames, and unrelated evidence. The charges are neither part of the same act nor part of a common scheme or plan. As a result, a joint trial would subject Defendant to unfair prejudice, allow the jury to infer criminal propensity, and impair the Defendant's ability to present individualized and constitutionally protected defenses.

No limiting instruction can cure these defects. Severance is therefore required.

## II. BACKGROUND

Sheba Muharib is charged with Count 27 of the second superseding indictment with crimes by or affecting persons engaged in the business of insurance, in violation of Title 18 United States Code §§ 1033(e)(1)(B) and 2. Specifically, Ms. Muharib is accused of engaging in the business of insurance and permitting Oscar Wattell to engage and participate in such business of insurance

knowing that he had a felony conviction involving dishonesty. Mr. Wattell has recently pled guilty to conspiracy to commit wire fraud under the first superseding indictment and is awaiting sentencing.

The co-defendants currently scheduled for jury trial under the second superseding indictment are either charged with conspiracy to commit wire fraud, in violation of Title 18 United States Code §§1349 and 1343, and/or wire fraud, in violation of Title 18 United States Code §§1343 and 2(a).

### III. **IMPROPER JOINDER**

Pursuant to Rule 8 of the Federal Rules of Criminal Procedure specifies:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

"Rule 8(b) requires that the indictment allege that each defendant participated in the same act or series of acts." *United States v. Marionneaux*, 514 F.2d 1244, 1248 (5th Cir. 1975)

"Misjoinder under Rule 8(b) affects substantial rights because it permits the jury to consider evidence against one defendant that would otherwise be inadmissible." *United States v. Holloway*, 1 F.3d 307, 310–11 (5th Cir. 1993).

The counts are improperly joined under rule 8. The charged offenses do not arise from the same act, transaction, or scheme. The alleged conduct involves different proof, witnesses, timelines, and legal elements. Ms. Muharib is charged with a crime involving the business of

insurance, while the other co-defendants are charged with conspiracy to commit wire fraud and/or wire fraud. No co-defendants are charged with a crime related to Ms. Muharib's charge, nor are the co-defendants alleged to have participated in the same act or transaction as Ms. Muharib is alleged to have participated.

Not only are they charged with an unrelated crime, but they are also facing a potentially steeper sentence. While Ms. Muharib's range of punishment is not more than 5 years imprisonment, the co-defendants are facing up to 20 years in prison per count. This joinder is prejudicial and would deprive Ms. Muharib of a fair trial.

### IV. PREJUDICIAL JOINDER

Federal Rule of Criminal Procedure Rule 14 allows for relief from prejudicial joinder:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the Court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.
>
> (b) Defendant's Statements. Before ruling on a defendant's motion to sever, the Court may order an attorney for the government to deliver to the Court for in camera inspection any defendant's statement that the government intends to use as evidence.

The purposes of Rules 8 and 14 are to "promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Zafiro v. United States*, 506 U.S. 534, 540, (1993) (quoting *Bruton v. United States*, 391 U.S. 123, 131, n.6, 88 S.Ct. 1620 (1968)).

Even when joinder is technically proper, severance is required under Rule 14(a) when a joint trial creates a serious risk that a defendant will be denied a fair trial. *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *United States v. Holloway*, 1 F.3d 307, 312 (5th Cir. 1993).

The Fifth Circuit recognizes that spillover prejudice alone may warrant severance when the jury is exposed to extensive evidence unrelated to a particular defendant. *United States v. McRae*, 702 F.3d 806, 820 (5th Cir. 2012).

Ms. Muharib would be unfairly prejudiced if she were to be tried with the other co-defendants who have more serious charges and who are facing a more serious sentence. A joint trial will expose the jury to inflammatory evidence unrelated to Defendant, creating a substantial risk that the jury will infer guilt by association, consider inadmissible evidence, and convict based on cumulative impact rather than proof beyond a reasonable doubt. Such prejudice is especially acute since the charges vary in seriousness and emotional impact.

Secondly, the jury will be unable to compartmentalize the evidence. The complexity and volume of evidence make it unrealistic for jurors to segregate the evidence by count and defendant.

Finally, limiting instructions cannot cure the prejudice. No instruction can realistically require jurors to segregate evidence across numerous counts and defendants.

Additionally, since Ms. Muharib was the owner of AAble Bonds, and her employees are charged with wife fraud and/or conspiracy to commit wire fraud, the jury will not be able to separate that information.

Finally, it denies Ms. Muharib a fair and individualized determination of guilt and creates an unacceptable risk that the jury will convict based on association rather than evidence. Such prejudice is incurable.

## V. CONCLUSION

Ms. Muharib respectfully asks that this Court grant her Motion to Sever due to improper and prejudicial joinder.

Respectfully submitted,

By: */s/ Leira Moreno Gracia*
  Leira Moreno Gracia
  Southern District of Texas No. 1066057
  Texas State Bar No. 24065791
  4306 Yoakum, Ste. 240
  Houston, Texas 77006
  Tel: 713.868.1266

  **ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I certify that the undersigned counsel has attempted to confer with the government regarding this Motion to Sever but has not received a response.

*/s/ Leira Moreno Gracia*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing motion was delivered to Assistant U.S. Attorney Michael Day via ECF on January 9, 2026.

*/s/ Leira Moreno Gracia*