# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | **Criminal No. 4:24-cr-371-SS** |
| **v.** | § | |
| | § | |
| **SHELIBRA JONES (4)** | § | Judge: Hon. Lee H. Rosenthal |
| **PAMELA YODER (16)** | § | Case Manager: Glenda Hassan |
| **DELEON BORDERS (17)** | § | |
| **CURTIS HOLLIDAY (21)** | § | |
| | § | Jury Trial Date: February 9, 2026 |
| *Defendants.* | § | |

## GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

The United States of America, by and through Nicholas J. Ganjei, United States Attorney, and Michael Day and Stephanie Bauman, Assistant United States Attorneys for the Southern District of Texas, requests that the following jury instructions be presented.

Respectfully submitted,
NICHOLAS J. GANJEI
United States Attorney

s/ *Michael E. Day*
Michael E. Day
Assistant United States Attorney
SDTX: 1759502; SBN: 2408066

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 2nd day of February 2026, a copy of the foregoing

was served on the Defendants' counsel by the Court's electronic filing system.

<u>*s/ Michael E. Day*</u>
Michael E. Day
Assistant United States Attorney

## <u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 1</u>
## <u>COURT'S INSTRUCTIONS TO THE JURY AT CONCLUSION OF TRIAL</u>

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to decide what evidence is proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.  Then I will give you some specific rules of law about this particular case. Finally, I will explain to you the procedures you should follow in your deliberations.

<u>Fifth Circuit Pattern Jury Instruction No. 1.03 (2024).</u>

## <u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 2</u>
## <u>DUTY TO FOLLOW INSTRUCTIONS</u>

You, as jurors, are the judges of the facts. But in determining what actually happened — that is, in reaching your decision as to the facts — it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy, and without consulting any outside or online source or materials. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

<u>Fifth Circuit Pattern Jury Instruction No. 1.04 (2024).</u>

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 3
## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF,
## REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt.

It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

Fifth Circuit Pattern Jury Instruction No. 1.05 (2024).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 4
## EVIDENCE--EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony. Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in

this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

<u>Fifth Circuit Pattern Jury Instruction No. 1.06 (2024).</u>

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 5**
**EVIDENCE--INFERENCES--DIRECT AND CIRCUMSTANTIAL**

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him/her guilty.

Fifth Circuit Pattern Jury Instruction No. 1.08 (2024).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 6
## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses, including the defendant, who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

These are a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Fifth Circuit Pattern Jury Instruction No. 1.09 (2024).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7
## ON OR ABOUT

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crimes charged in the indictment reasonably near October 1, 2024, the date stated in the indictment.

Fifth Circuit Pattern Jury Instruction No. 1.19 (2024).

## **GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 8**
## **VENUE – GENERALLY**

In order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that the offense charged was begun, continued, or completed [was committed] in the Southern District of Texas. Unlike the other elements of the offense, this is a fact that the government must prove only by a preponderance of the evidence. This means the government must convince you only that it is more likely than not that the offense charged was begun, continued, or completed [was committed] in the Southern District of Texas. All other elements of the offense must be proved beyond a reasonable doubt.

Fifth Circuit Pattern Jury Instruction No. 1.20A (2024).

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 9**
**CAUTION - CONSIDER ONLY CRIME CHARGED**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged.

The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case.

Fifth Circuit Pattern Jury Instruction No. 1.21 (2024).

## <u>GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 10</u>
## <u>CAUTION - PUNISHMENT</u>

If a defendant is found guilty, it will be my duty to decide what the punishment

will be.  You should not be concerned with punishment in any way.  It should not

enter your consideration or discussion.

<u>Fifth Circuit Pattern Jury Instruction No. 1.22 (2024).</u>

## **GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 11**
## **DUTY TO DELIBERATE**

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Recall, you must base your verdict solely on the evidence, testimony, and stipulations at trial and not on any outside or online material or source. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

**[Explain verdict form.]**

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

Fifth Circuit Pattern Jury Instruction No. 1.26 (2024)

## **GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 12**
## **"KNOWINGLY"—TO ACT**

The word "knowingly," as that term has been used from time to time in these instruction, means that the act was done voluntarily and intentionally, not because of mistake or accident.

Fifth Circuit Pattern Jury Instruction No. 1.41 (2024).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 13
## CAUTIONARY INSTRUCTION DURING TRIAL—TRANSCRIPTS OF
## RECORDED CONVERSATIONS

Exhibits _____ have been identified as typewritten transcripts of oral conversations which can be heard on recordings received in evidence as Exhibits _____. The transcripts also purport to identify the speakers engaged in such conversations.

I have admitted the transcripts for the limited and secondary purpose of aiding you in following the content of the conversations as you listen to the recordings, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcripts correctly or incorrectly reflect the content of the conversations or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcripts, and from your own examination of the transcripts in relation to your hearing of the recordings themselves as the primary evidence of their own contents; and, if you should determine that the transcripts are in any respect incorrect or unreliable, you should disregard them to that extent. It is what you hear on the recordings that is evidence, not the transcripts.

Fifth Circuit Pattern Jury Instruction No. 1.49 (2024).

# GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 14
# WIRE FRAUD

## 18 U.S.C. § 1343

Title 18, United States Code, Section 1343, makes it a crime for anyone to use interstate wire communications in carrying out a scheme to defraud.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly devised or intended to devise any scheme to defraud, that is a scheme and artifice to defraud to obtain a bail bond for an inmate, who was detained at the Harris County Jail, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted in interstate and foreign commerce the wire communications identified in the second superseding indictment.

*Second*: That the scheme to defraud employed false fraudulent pretenses, representations, and promises;

*Third*: That the defendant transmitted or caused to be transmitted by way of wire communications, in interstate commerce, any writing, sign, signal, picture, or sound for the purpose of executing such scheme; and

*Fourth*: That the defendant acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended

to deprive another of money or property or bring about some financial gain to the person engaged in the scheme. This can include a scheme to obtain a financial guarantee or promise of payment to a third party, such as a scheme to obtain a surety bond in which a bail bonds company or insurance company is obligated to pay a defendant's bond if a defendant does not appear in court.

A "specific intent to defraud" means a conscious, knowing intent to deceive and cheat someone.

A representation, pretense, or promise is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation, pretense, or promise would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the material transmitted by wire communications was itself false or fraudulent, or that the use of the interstate wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the interstate wire communications facilities was closely related to the scheme because the defendant either wired something or caused it to be wired in interstate commerce in an attempt to execute or carry out the scheme.

The alleged scheme need not actually succeed in defrauding anyone.

To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of the wire communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate wire communications facilities in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.

Fifth Circuit Pattern Jury Instruction No. 2.57 (2024); Docket Entry No. 1476 (Findings of Fact & Conclusions of Law).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 15
## CONSPIRACY TO COMMIT WIRE FRAUD

### 18 U.S.C. §§ 1349 and 1343

Counts in the Second Superseding Indictment charge the defendants with conspiracy to commit wire fraud in violation of Title 18, United States Code, Sections 1349 and 1343. Title 18, United States Code, Section 1343, makes it a crime for anyone to conspire to commit wire fraud.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant and at least one other person made an agreement (1) to commit the crime of wire fraud, as charged in the second superseding indictment;

*Second:* That the defendant knew the unlawful purpose of the agreement; and

*Third:* That the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict

him/her for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove an overt act in furtherance of the conspiracy.

The government need not prove that the alleged conspirators entered into any formal agreement nor that they directly stated between themselves all the details of the scheme.  Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out.  Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

Fifth Circuit Pattern Jury Instruction No. 2.76C, 2.15A (2024).

## **GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 16**
## **CONSPIRATOR'S LIABILITY FOR SUBSTANTIVE COUNT**

A conspirator is responsible for offenses committed by other conspirators if the conspirator was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a foreseeable consequence of, the conspiracy.

Therefore, if you have first found the defendant guilty of the conspiracy charged in Count One, Count Four, or Count Nine,  and if you find beyond a reasonable doubt that during the time the defendant was a member of that conspiracy, other conspirators committed the offenses in Count Seven, Count Eight, or Count Ten, both in furtherance of and as a foreseeable consequence of that conspiracy, then you may find the defendant guilty of Count Seven, Count Eight, or Count Ten, even though the defendant may not have participated in any of the acts which constitute the offenses described in Count Seven, Count Eight, or Count Ten.

Fifth Circuit Pattern Jury Instruction No. 2.17 (2024).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 17
## AIDING AND ABETTING (AGENCY)

### 18 U.S.C. § 2

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself/herself may also be accomplished by him/her through the direction of another person as his or her agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself/herself in some way with the crime and participate in it with the intent to bring about the crime.

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond

a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the offense of wire fraud was committed by some person;

*Second*: That the defendant associated with the criminal venture;

*Third*: That the defendant purposefully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime. Though the defendant must share the same criminal intent for the crime as the principal, his [her] aid may relate to only one of the crime's phases or elements.

Fifth Circuit Pattern Jury Instruction No. 2.04 (2024).

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | **Criminal No. 4:24-cr-371-SS** |
| **v.** | § | |
| | § | |
| **SHELIBRA JONES (4)** | § | Judge: Hon. Lee H. Rosenthal |
| **PAMELA YODER (16)** | § | Case Manager: Glenda Hassan |
| **DELEON BORDERS (17)** | § | |
| **CURTIS HOLLIDAY (21)** | § | |
| | § | Jury Trial Date: February 9, 2026 |
| *Defendants.* | § | |

## VERDICT FORM

## COUNT ONE

We, the jury, find the Defendant, SHELIBRA JONES

_____Guilty _____Not Guilty

## COUNTS TWO THROUGH THREE – OMITTED

## COUNT FOUR

We, the jury, find the Defendant, PAMELA YODER

_____Guilty _____Not Guilty

We, the jury, find the Defendant, DELEON BORDERS

_____Guilty _____Not Guilty

## COUNTS FIVE THROUGH SIX – OMITTED

## **COUNT SEVEN**

We, the jury, find the Defendant, PAMELA YODER

_____Guilty _____Not Guilty

## **COUNT EIGHT**

We, the jury, find the Defendant, DELEON BORDERS

_____Guilty _____Not Guilty

## **COUNT NINE**

We, the jury, find the Defendant, SHELIBRA JONES

_____Guilty _____Not Guilty

We, the jury, find the Defendant, CURTIS HOLLIDAY

_____Guilty _____Not Guilty

## **COUNT TEN**

We, the jury, find the Defendant, SHELIBRA JONES

_____Guilty _____Not Guilty

## **COUNTS ELEVEN THROUGH TWENTY-SEVEN – OMITTED**

_____
FOREPERSON OF THE JURY

Signed on _____, 2026.