UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff-Appellee* | § | |
| | § | |
| VS. | § | CASE NO. 4:24-CR-00371-034 |
| | § | |
| PATRICK BROWN, | § | |
| *Defendant-Appellant* | § | |

**DEFENDANT'S EXPEDITED MOTION FOR RELEASE AND TO STAY SURRENDER PENDING APPEAL**

Defendant, Patrick Brown, through counsel, moves this Court for an order to stay surrender and grant release on his own personal recognizance without bail or on bail, if the court so requires, pending the outcome of his appeal to the United States Court of Appeals for the Fifth Circuit, pursuant to 18 U.S.C. § 3143(b). A hearing is not requested.

**INTRODUCTION**

On February 3, 2026, Patrick Brown entered a plea of guilty to conspiracy to commit wire fraud in violation of 18 USC §§ 1349 and 1343 under Rule11(a)(2) of the Federal Rules of Criminal Procedure preserving Defendant's right to appeal the denial of his motion to dismiss the indictment. (*See United States v, Patrick Brown*, Dkt No. 2081 ¶ 5).The government indicted 53 defendants for conspiracy to commit and for committing wire fraud in a scheme to obtain bail bonds

1

on false statements of co-signor's income and employment. Patrick Brown moved to dismiss the charges filed against him and to adopt the motion to dismiss filed by co-defendant, Eugene Walker. After considering the motions and supplemental motions to dismiss, responses and replies, the district court denied them all on June 17, 2025. (Dkt No. 1104). On April 28, 2026, defendant filed a notice of appeal to the United Court of Appeals for the 5th Circuit, Appeal No. 26-20216. (Dkt No. 2483). Mr. Brown was sentenced to 6 months' custody of the Bureau of Prisons creating a high risk that the duration of the appeal will exceed the sentence. (Dkt No. 2436). On April 30, 2026, an Order to Surrender on May 26, 2026, to FCI Oakdale, Louisiana as to Mr. Brown was signed by the court. (Dkt No. 2495).

## FACTUAL BACKGROUND

Patrick Brown along with dozens of other co-defendants were indicted for conspiracy to commit wire fraud, in violation of 18 USC § 1349 and wire fraud in violation of 18 USC § 1343. The superseding indictment alleged that employees of a Houston-based bail bonds company, AABLE Bonds, conspired with others to falsify and to obtain falsified consignor financial and employment reports to qualify individuals detained on criminal charges for bail bonds (Dkt No. 890 at ¶ 10.) The indictment alleges that employees of AABLE Bonds falsified consigners' financial and employment reports and recruiters' straw consignors who submitted false financial employment reports. (*Id.*).

2

The government alleged that the defendants were able to obtain bonds for less money than what they would have had to pay because of the false information about the cosigner's finance and employment. (*Id.* at ¶ 12, 13). The government alleged the defendant's saved money by obtaining cheaper bail bonds based on the cosigners' false financial and employment status. (*Id.* at ¶ 13). The defendants intended to deprive the government of the higher bond amount if the correct financial information had been provided (*Id.* at ¶14). The false information increased the risk to the insurance companies because the defendants got bonds for cheaper payment terms that they were not eligible for and because the lower bond amounts reduced the risks if forfeiture occurred. (*Id.* at ¶ 9, 14).

Under Federal Rule of Criminal Procedure 12(b), a party may challenge an indictment for failing to state an offense. "In reviewing a challenge to an indictment alleging that it fails to state an offense, the court is required to take the allegations of the indictment as true and to determine whether an offense has been stated." *United States v. Moss*, 872 F.3d 304, 308 (5th Cir. 2017).

## I. LEGAL STANDARD

Under 18 U.S.C. § 3143(b), a defendant shall be released pending appeal if the Court finds by clear and convincing evidence that:

1. The defendant is not likely to flee or pose a danger to the safety of any other person or the community;

2. The appeal is not for the purpose of delay; and

3. The appeal raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence with no imprisonment, or a reduced sentence.

## II. DEFENDANT IS NEITHER A FLIGHT RISK NOR A DANGER

Defendant has demonstrated a commitment to appearing in court and poses no safety risk:

- Community Ties**:** Patrick Brown resides in Houston, Texas.
- Prior Compliance: Defendant remained on pretrial release for almost two years with only one minor violation.
- Nature of Offense: The offense of conviction was non-violent and involved no threats of physical harm.

## III. THE APPEAL RAISES A SUBSTANTIAL QUESTION

The appeal is not frivolous and raises a question that is "fairly debatable". A substantial question for the purposes of bail is one about which reasonable jurists could differ – that is one which is "fairly debatable." *See Barefoot v. Estelle*, 463 U.S. 880, 892-93 (1983). Specifically:

- Whether the superseding indictment failed to charge a scheme whose intent was to obtain money or property because it failed to allege any intent for any bond to actually be forfeited.

Brown asserted that the indictment is insufficient because the intent of the scheme was not to cause financial harm . (Dkt No. 1061 at p.4).

4

Under 18 U.S.C. § 1343, the Government must prove not only that wire fraud involved in deception, but also that money or property was an object of the fraud. *Ciminelli v. United States*, 598 U.S. 306, 312 (2023). In this case, the object of the scheme was to secure a bail bond and not financial gain as the Government claims. Instead, the object of this scheme was to get loved ones and friends out of jail. (*Id.* at p.4).

None of the people in prison, including Mr. Brown, who received a bond, intended to flee or not appear in court resulting in bond forfeiture. (*Id.* at 6). Because the indictment did not assert an intent to forfeit the bonds or that any were actually forfeited, it failed to allege an intent to obtain money or property.  (*Id.*at 7). And because the superseding indictment failed to allege that the defendants had any intent for the bonds to be forfeited, the insurance company would never have to pay any money. (*Id.* at 8). Without intent to obtain money or property, there can be no conviction. *Cleveland v. United States*, 531 U.S. 12 (2000). (Id.) (Defendants misled the State of Louisiana in their application to secure video poker licenses but paid the State all the required fees for those licenses). Any money expended in this scheme is incidental to the defendant's true goal of securing the release on bond of their family and friends. (Id. at 11 ) citing *Kelly v. United States*, 590 U.S. 391, 402 (2020).

## IV. PROPOSED CONDITIONS OF RELEASE

Defendant proposes the following conditions to ensure appearance: Any conditions the court deems appropriate including electronic monitoring; surrender of all travel documents/passports; regular reporting to U.S. Pretrial Services, etc.

## CONCLUSION

For the reasons stated above, Defendant respectfully requests that this Court grant the motion and allow him to remain out of prison on his own personal recognizance or on bond pending appeal.

Respectfully Submitted,

*S/Alan Winograd*
Alan Winograd
TBN 00788695
Winograd Law Office
9600 Great Hills Trail
Suite 150W - 425
Austin, TX 78759
Tel (713) 553-5971
Fax (512) 277-6782
Alan.WinoLaw@gmail.com

APPOINTED ATTORNEY FOR
DEFENDANT-APPELLANT

## CERTIFICATE OF CONFERENCE

6

I certify that I have conferred with Assistant U.S. Attorney regarding this motion on May 20, 2026. The government opposes the relief requested.

*S/Alan Winograd*
Alan Winograd

## CERTIFICATE OF SERVICE

I certify that a copy of this motion was served on all counsel of record via the Court's CM/ECF system on May 20, 2026.

*S/Alan Winograd*
Alan Winograd